

FILED
CLERK, U.S. DISTRICT COURT
NOV - 7 2006
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

___ Priority
___ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

　　　　Plaintiff,

　　vs.

STUART H. WOLFF and PETER B. TAFEEN,

　　　　Defendants.

Case No. CV 05-3132 SVW (RZx)

**FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT PETER B. TAFEEN**

DOCKETED ON CM
NOV 09 2006
BY ___ 012

　　　　The Securities and Exchange Commission having filed and served a Summons and Complaint upon Defendant Peter B. Tafeen ("Tafeen"); and Tafeen having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

　　　　IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Tafeen and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final

1  Judgment by personal service or otherwise are permanently restrained and enjoined
2  from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15
3  U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or
4  instruments of transportation or communication in interstate commerce or by use
5  of the mails, directly or indirectly:
6      (a)    to employ any device, scheme, or artifice to defraud;
7      (b)    to obtain money or property by means of any untrue statement of a
8  material fact or any omission of a material fact necessary in order to make
9  the statements made, in light of the circumstances under which they were
10 made, not misleading; or
11     (c)    to engage in any transaction, practice, or course of business which
12 operates or would operate as a fraud or deceit upon the purchaser

## II.

14 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Tafeen
15 and his agents, servants, employees, attorneys, and all persons in active concert or
16 participation with them who receive actual notice of this Final Judgment
17 bypersonal service or otherwise are permanently restrained and enjoined from
18 violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of
19 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated
20 thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of
21 interstate commerce, or of the mails, or of any facility of any national securities
22 exchange, in connection with the purchase or sale of any security:
23     (a)    to employ any device, scheme, or artifice to defraud;
24     (b)    to make any untrue statement of a material fact or to omit to state a
25 material fact necessary in order to make the statements made, in the light of
26 the circumstances under which they were made, not misleading; or
27     (c)    to engage in any act, practice, or course of business which operates or
28 would operate as a fraud or deceit upon any person.

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Tafeen and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting an issuer's filing of quarterly reports with the Commission on Forms 10-Q that fail to contain material information necessary to make the required statements in the Forms 10-Q, in light of the circumstances in which they are made, not misleading, in violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20 & 240.13a-13.

**IV.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Tafeen and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from knowingly circumventing or knowingly failing to implement a system of internal accounting controls, or by knowingly falsifying any book, record or account required to be kept by an issuer, in violation of Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5).

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Tafeen and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), and violating Rule 13b2-1 thereunder, 17 C.F.R. § 240.13b2-1, thereunder, by knowingly providing substantial assistance to an issuer that failed to

make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and disposition of the assets of the issuer.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Tafeen is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Tafeen is liable for disgorgement of $2,258,872.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $420,038.03. Tafeen shall satisfy this obligation by paying $2,678,910.03, within ten business days to the Clerk of this Court, together with a cover letter identifying Tafeen as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Tafeen shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Tafeen relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Tafeen. Tafeen shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Clerk shall deposit the funds into an interest bearing account. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director

of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

### VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Tafeen shall comply with all of the undertakings and agreements set forth therein.

### IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: November 7, 2006

HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

# **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

[X]  U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On November 3, 2006, I served the document entitled **FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT PETER B. TAFEEN** upon the parties to this action addressed as stated on the attached service list:

[X]  **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]  **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]  **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]  **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee.

[ ]  **FEDERAL EXPRESS BY AGREEMENT OF ALL PARTIES:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[ ]  **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ]  **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

[X]  **(Federal)** I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made. I declare under penalty of perjury that the foregoing is true and correct.

Date: <u>November 3, 2006</u>                    _Magnolia M. Marcelo_
                                                             MAGNOLIA M. MARCELO

**SEC v. STUART H. WOLFF, et al.**
United States District Court - Central District of California
Case No. CV 05-3132 SVW (RZx)
(LA-2554)

SERVICE LIST

Howard M. Privette, Esq. **(served by U.S. Mail only)**
Gillian K. Garrett, Esq.
James W. Gilliam, Esq.
Paul, Hastings, Janofsky & Walker LLP
515 S. Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Facsimile: (213) 627-0705
*Attorney for Defendant Stuart H. Wolff*

Marc A. Fenster, Esq. **(served by U.S. Mail only)**
Irene Y. Lee, Esq.
Russ, August & Kabat
12424 Wilshire Boulevard, Suite 1200
Los Angeles, CA 90025
Facsimile: (310) 826-6991
*Attorney for Defendant Peter B. Tafeen*

Brian J. Hennigan, Esq. **(served by U.S. Mail only)**
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Facsimile: (310) 203-7199
*Attorney for Defendant Peter B. Tafeen*