MOLLY WHITE, Cal. Bar No. 171448
Email: whitem@sec.gov

Securities and Exchange Commission
Rosalind Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>STUART H. WOLFF and PETER B. TAFEEN,<br><br>Defendants. | Case No. CV 05-3132 SVW (RZx)<br><br>**CONSENT OF STUART H. WOLFF TO FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF** |

1. Defendant Stuart H. Wolff ("Wolff") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Wolff admits), Wolff hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Wolff from violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) & 78m(b)(5), and Rules 10b-5 and 13b2-2,

thereunder, 17 C.F.R. §§ 240.10b-5 & 240.13b2-2, and from aiding and abetting violations of Sections 13(a) and 13(b)(2)(A) of the Exchange Act, 15 U.S.C. §§ 78m(a) & 78m(b)(2)(A), and Rules 12b-20, 13a-13 and 13b2-1, thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-13 & 240.13b2-1.

(b) orders Wolff to pay disgorgement and prejudgment interest in the total amount of $11,900,462.35 (collectively "Disgorgement");

(c) orders that Wolff shall pay the Disgorgement according to the following Payment Schedule:

(1) Wolff shall pay $2,500,000 within 30 days of entry of this Final Judgment;

(2) Wolff shall pay an additional $2,000,000 within 365 days of entry of this Final Judgment;

(3) Wolff shall pay an additional $150,000 within 455 days of entry of Final Judgment;

(4) Wolff shall pay an additional $150,000 within 545 days of entry of Final Judgment;

(5) Wolff shall pay an additional $150,000 within 635 days of entry of Final Judgment;

(6) Wolff shall pay an additional $150,000 within 725 days of entry of Final Judgment;

(7) Wolff shall pay an additional $150,000 within 815 days of entry of Final Judgment;

(8) Wolff shall pay an additional $150,000 within 905 days of entry of Final Judgment;

        (9) Wolff shall pay an additional $150,000 within 995 days of entry of Final Judgment; and

        (10) Wolff shall pay the remaining $6,350,462.35, plus post judgment interest calculated pursuant to 28 U.S.C. § 1961, within three years of entry of the Final Judgment.

(d)   orders that if Wolff fails to make any payment by the dates and/ or in the amounts ordered according to the Payment Schedule set forth above, the entire amount of Disgorgement, less any payments made, plus post-judgment interest from the date of the default, shall become immediately due and payable at the discretion of the staff of the Commission and without further application to the Court;

(e)   orders that, to secure full payment of the Disgorgement, Wolff shall provide the Commission with a security interest in all equity and partnership investments in which he currently holds an ownership position as specified in a Security and Pledge Agreement attached hereto and incorporated herein as Exhibit A;

(f)   orders that if Wolff has failed to satisfy complete payment of Disgorgement plus applicable post-judgment interest assessed pursuant to 28 U.S.C. § 1961, within three (3) years after entry of the Final Judgment, then the Commission may execute on any assets legally available to it to satisfy the Final Judgment, including, but not limited to, security interests obtained in connection with this matter, as set forth in the Security and Pledge Agreement attached hereto and incorporated herein as Exhibit A ; and

(g) permanently prohibits Wolff, pursuant to Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), and Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

3. Wolff waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Wolff waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Wolff enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Wolff to enter into this Consent.

6. Wolff agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Wolff will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Wolff waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Wolff of its terms and conditions. Wolff further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Wolff has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Wolff in this civil proceeding. Wolff acknowledges that no

promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Wolff waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Wolff further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Wolff understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

10.    Wolff understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Wolff agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Wolff hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Wolff breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects

Wolff's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Wolff hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Wolff to defend against this action. For these purposes, Wolff agrees that Wolff is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Wolff agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Wolff agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 9/4/2010

_____
Stuart H. Wolff

On 9/14, 2010, Stuart H. Wolff, a person known to me, personally appeared before me, and acknowledged executing the foregoing Consent. *through counsel*

_____
Notary Public
Commission expires: 11-13-2013

OFFICIAL SEAL
JANELL M. KELLEY
Notary Public - State of Illinois
My Commission Expires Nov 13, 2013

Approved as to form:

_____
John Gibbons
Greenberg Traurig
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
(312) 456-8400
*Attorney for Stuart H. Wolff*

# EXHIBIT A

# SECURITY AND PLEDGE AGREEMENT

This Security and Pledge Agreement ("*Agreement*") is by and between Stuart H. Wolff, an individual ("*Debtor*"), Ursula Wolff, an individual ("*Consent Debtor*") and Stuart H. Wolff and Ursula Wolff as Trustees for The Wolff Family Trust (*collectively "Debtors"*), and the United States Securities and Exchange Commission ("*Secured Party*"). Debtors and Secured Party, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, agree as follows:

1. ***Introduction.*** In order to evidence Debtor's obligation to secure the payment due under a Final Judgment (the *"Judgment"*) entered in <u>Securities and Exchange Commission v. Stuart H. Wolff, et al.</u> (Case No. CV 05-3132) pending in the Central District of California, Debtors have agreed to pledge and grant Secured Party a security interest in receivables, securities, and partnership interests as more specifically set forth in Schedule A attached hereto. It is the intent of the parties and the purpose of this Agreement to set forth the terms and conditions pursuant to which such security interests and pledges shall be granted.

2. ***Obligations Secured.*** The security interests, pledges, and assignments granted in this Agreement are to secure the full payment of the amounts owing and obligations arising under the Judgment.

3. ***Description of Collateral.*** Debtors hereby grant to Secured Party a security interest in, pledge, assign, and agree that the Secured Party shall continue to have a security interest in and a pledge and assignment of Debtors' right, title, and interest in the assets set forth on Schedule A together with all instruments and general intangibles related thereto and all monies, income, proceeds, and benefits attributable or accruing thereto, including, but not limited to, all distributions of cash and other assets or other properties or benefits to which Debtors are entitled to receive on account thereof. The assets described in Schedule A (attached and incorporated herein) and the proceeds and products thereof, and any after acquired assets, shall be collectively referred to as the *"Collateral."*

4. ***Representations and Warranties of the Debtors.*** Debtors represent and warrant to Secured Party as follows:

   4.1 ***Ownership; No Encumbrances.*** Except as contemplated by this Agreement, Debtors are the owners of all the Collateral free and clear from all claims, liens, security interests, adverse claims, and encumbrances of any and every nature whatsoever.

   4.2 ***No Financing Statements.*** There is no financing statement or similar filing now on file in any public office covering any part of the Collateral, and Debtors will not execute and there will not be on file in any public office any financing statement or similar filing except the financing statements contemplated by this Agreement.

4.3 *Accuracy of Information.* All information furnished to Secured Party concerning the Debtors, the Collateral, or otherwise in connection with this Agreement, is or will be at the time the same is furnished, accurate and complete in all material respects.

4.4 *Authority.* Debtors have full right and authority to execute and perform this Agreement and to create the security interests, pledges, and assignments created by this Agreement. The making and performance of this Agreement by Debtors will not violate any provision of law or order of court or governmental agency, or violate, be in conflict with, result in a breach of or constitute a default under any document or agreement to which Debtors are a party or by which the Collateral may be bound or affected, or result in the creation or imposition of any charge, lien, security interest, claim, or encumbrance of any and every nature whatsoever upon the Collateral except as contemplated by this Agreement.

4.5 *Addresses.* The address of Debtor is set forth in Section 7.1 of this Agreement and it is his current mailing address.

5. **Covenants.**

5.1 *Assessments.* Debtors shall promptly pay when due all taxes, assessments, license fees, registration fees, and governmental charges levied against Debtors with respect to the Collateral.

5.2 *No Encumbrances.* Debtors agree not to suffer or permit any charge, lien, security interest, adverse claim, or encumbrance of any and every nature whatsoever against the Collateral or any part thereof.

5.3 *Limits on Transfers.* Debtors shall not sell, assign, lease, transfer, charter, encumber, hypothecate or dispose of the Collateral, or any part thereof, in any way which would undermine the security interests, pledges and assignments granted in this agreement, without the prior written consent of the Secured Party. Secured Party understands and recognizes that there may be periodic partial and liquidating distributions of Collateral from the Private Investments. It is Debtors' obligation to make the tax payments associated with these distributions directly to the Department of Treasury, Franchise Tax Board or other recognized tax authorities as determined by the Debtors fiduciary representative. Debtors must in all regards remain in full compliance with the payment schedule as outlined in the Judgment. Remittances to the Secured Party made pursuant to this paragraph shall be made as the Secured Party directs.

5.4 *Notices and Reports.* Debtors shall promptly notify Secured Party in writing of any change in the name, identity, or structure of Debtors, any charge, lien, security interest, claim or encumbrance asserted against the Collateral, any material litigation against Debtors or the Collateral, any material theft, loss, injury, or similar incident involving the Collateral, or any other material matter adversely affecting Debtors or the Collateral. On a quarterly basis, Debtors shall report to Secured Party the condition of the Collateral, including all distributions or liquidation of Collateral and the

use of the proceeds therefrom. Debtors shall furnish such other reports, information, and data regarding the Collateral and Debtors and such other matters as Secured Party may reasonably request from time to time.

  5.5 ***Additional Filings and Assurances.*** Debtors agree to take such further actions and execute and deliver such financing statement or statements, or amendments thereof or supplements thereto, or such other documents as Secured Party may from time to time request or as may be necessary or appropriate to establish and maintain a perfected security interest in the Collateral, and to preserve and protect Secured Party's rights to and interests in the Collateral.

  5.6 ***Satisfaction of the Judgment.*** Upon satisfaction of the Judgment, this Agreement will expire and the Secured Party will have no further rights as to any of the remaining property identified in Schedule A.

6. ***Remedies.***

  6.1 ***Remedies.*** Secured Party shall have all of the rights and remedies provided for in this Agreement and in any other agreements executed by Debtors, the rights and remedies of the Uniform Commercial Code of California (or the corresponding law of any other applicable jurisdiction), and any and all of the rights and remedies at federal or state law and in equity to which Secured Party may otherwise be entitled, all of which shall be deemed cumulative.

  6.2 ***Secured Party's Execution on Collateral.*** Without limiting the foregoing, Debtors agree that Secured Party shall have the right to do any of the following if either (a) Debtor defaults on the payment schedule set forth in section VIII of the Judgment; or (b) the full amount of the Judgment remains unpaid after three years of its Entry by the Court: (1) require Debtor to assemble the Collateral and make it available to Secured Party at a place designated by Secured Party that is reasonably convenient to both parties, which Debtors agree to do, (2) peaceably take possession of the Collateral and remove same, with or without judicial process, (3) sell, lease, or otherwise dispose of the Collateral by commercially reasonable means, at one or more locations, by public or private proceedings, for cash or credit, without assumption of risk. Secured Party will give Debtors at least ten (10) days advance written notice of the time and place of any public sale or of the time after which any private sale or disposition will be made, which ten (10) day period Debtors agree constitutes commercially reasonable notice. Secured Party will promptly remit to Debtors any amounts Secured Party receives from selling, leasing, or otherwise disposing of the Collateral as provided herein, and any remaining Collateral, in excess of the amount necessary to satisfy any remaining balance due on the Judgment.

7. *Miscellaneous.*

    7.1    *Notices.* Any notice required or permitted under this Agreement shall be in writing and shall be deemed to be delivered three business days after deposit in the United States mail, postage prepaid, certified or registered mail, return receipt requested, addressed as follows or may be sent by facsimile:

<u>If to Secured Party:</u>    Molly M. White
United States Securities and Exchange Commission
5670 Wilshire Blvd., 11th Floor
Los Angeles, CA 90036
Facsimile: (323) 965-3908
Notation: for Stuart H. Wolff,
SEC Case No. LA-2554

Michael R. Wilner
United States Attorney's Office
Criminal Division – U.S. Courthouse
312 North Spring Street, 12th Floor
Los Angeles, CA 90012
Facsimile: (213) 894-6269

<u>If to Debtor:</u>    Stuart H. Wolff
███████████████
Westlake Village, CA 91362

    7.2    *Entire Agreement.* This Agreement and any documents incorporated by reference or executed and delivered pursuant hereto constitute the entire agreement of the parties relating to the subject matter hereof, supersede all prior oral or written agreements, understandings, or arrangements with respect thereto, and may not be amended, supplemented, or terminated except by written instrument executed by the parties.

    7.3    *Benefited Parties and Assignment.* This Agreement is entered into by Debtors for the benefit of Secured Party. This Agreement shall not be deemed to create any right in, or to be in whole or in part for the benefit of, any person other than Secured Party and its successors and assigns. This Agreement shall be assignable and negotiable by Secured Party. This Agreement shall be binding upon Debtors, and their successors, heirs, devisees, executors, administrators, and personal representatives. Debtors may not assign any of their rights or obligations hereunder, and any attempted assignment shall be null and void and of no effect.

    7.4    *Place of Performance; Choice of Law.* The place of performance of this Agreement is the United States District Court for the Central District of California, or such other place as may be designated by Secured Party. The validity and construction of this Agreement shall be governed by federal law and the laws of the State of California,

excluding any choice of law rule or principle which might refer to the laws of another state.

    7.5    **Severability.** If any provision of this Agreement is declared unenforceable by a court of competent jurisdiction, such provision shall be enforced to the greatest extent permitted by law, and such declaration shall not affect the validity of any other provision of this Agreement.

    7.6    **Construction.** The headings contained in this Agreement are for reference purposes only and shall not affect this Agreement in any manner whatsoever. Wherever required by the context, any gender shall include any other gender, the singular shall include the plural, and the plural shall include the singular.

    7.7    **Waiver.** Any waiver of any provision of this Agreement shall be effective only if in writing, and no waiver of any provision of this Agreement shall constitute a waiver of any other provision of this Agreement, nor shall such waiver constitute a waiver of any subsequent breach of such provision.

    7.8    **Time of Essence.** Time is of the essence in the performance of this Agreement. If the time for performance of any obligation set forth in this Agreement falls on a Saturday, Sunday, or legal holiday, compliance with such obligation on the next business day following such Saturday, Sunday, or legal holiday shall be deemed acceptable.

    7.9    **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall be deemed an original but all of which shall be deemed one instrument.

**IN WITNESS WHEREOF,** the parties hereto have duly caused this Agreement to be executed effective this ___ day of August 2010.

_____
Stuart H. Wolff

STATE OF ~~CALIFORNIA~~ Illinois  )
                                          )
COUNTY OF  Cook  )

Before me, the undersigned, a Notary Public [through counsel] within and for said county and state, on this ____ day of ~~August~~ [Sept], 2010, personally appeared STUART H. WOLFF to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act and deed for the use and purposes herein set forth.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires:

11-13-2013

OFFICIAL SEAL
JANELL M. KELLEY
Notary Public - State of Illinois
My Commission Expires Nov 13, 2013

I, Stuart Wolff, am a party to this Agreement to the extent that I hereby waive any rights in the Collateral whatsoever that I may have under federal and/or state law and/or under a trust agreement entitled The Wolff Family Trust during the period of the operation of this Agreement

_____
Stuart H. Wolff, as Trustee for the Wolff Family Trust

STATE OF ~~CALIFORNIA~~ ILLINOIS )
                                 )
COUNTY OF  COOK                  )

Before me, the undersigned, a Notary Public within and for said county and state, on this \_\_\_ day of ~~August~~, 2010, personally appeared *through counsel* STUART H. WOLFF to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act and deed for the use and purposes herein set forth.

In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires:

11-13-2013

OFFICIAL SEAL
JANELL M. KELLEY
Notary Public - State of Illinois
My Commission Expires Nov 13, 2013

I, Ursula Wolff, am a party to this Agreement to the extent that I hereby waive any rights in the Collateral whatsoever that I may have under federal and/or state law during the period of the operation of this Agreement.

_____
Ursula Wolff

6

Exhibit __A__ Page __12__

STATE OF ~~CALIFORNIA~~ ILLINOIS       )
                                       )
COUNTY OF ~~LOS ANGELES~~ COOK         )

    Before me, the undersigned, a Notary Public within and for said county and state, on this 14th day of ~~August~~ September, 2010, personally appeared URSULA WOLFF to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that she executed the same as her free and voluntary act and deed for the use and purposes herein set forth.

    In witness whereof I hereunto set my hand and official seal.

                                      *Janell M Kelley*
                                      Notary Public

My Commission Expires:

11-13-2013

> **OFFICIAL SEAL**
> **JANELL M. KELLEY**
> Notary Public - State of Illinois
> My Commission Expires Nov 13, 2013

I, Ursula Wolff, am a party to this Agreement to the extent that I hereby waive any rights in the Collateral whatsoever that I may have under federal and/or state law and/or under a trust agreement entitled The Wolff Family Trust during the period of the operation of this Agreement

*Ursula Wolff*
Ursula Wolff as trustee for The Wolff Family Trust

STATE OF ~~CALIFORNIA~~ ILLINOIS       )
                                       )
COUNTY OF ~~LOS ANGELES~~ COOK         )

    Before me, the undersigned, a Notary Public within and for said county and state, on this 14th day of ~~August~~ September, 2010, personally appeared URSULA WOLFF to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that she executed the same as her free and voluntary act and deed for the use and purposes herein set forth.

    In witness whereof I hereunto set my hand and official seal.

                                      *Janell M Kelley*
                                      Notary Public

7

> **OFFICIAL SEAL**
> **JANELL M. KELLEY**
> Notary Public - State of Illinois
> My Commission Expires Nov 13, 2013

Exhibit __A__ Page __13__

My Commission Expires:

_____

United States Securities and Exchange Commission

By: /s/ Molly M. White
      Molly M. White

STATE OF CALIFORNIA      )
                         )
COUNTY OF LOS ANGELES    )

    Before me, the undersigned, a Notary Public within and for the District of Columbia, on this ____ day of August, 2010, personally appeared MOLLY M. WHITE to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that she executed the same as her free and voluntary act and deed for the use and purposes herein set forth.

    In witness whereof I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires:

_____

*SEE ATTACHED CA COMPLIANT NOTARY CERTIFICATE*

8

# ACKNOWLEDGMENT

State of California
County of _____Los Angeles_____ )

On __Dec. 2, 2010__ before me, __Pamela Chattoo, Notary Public__
(insert name and title of the officer)

personally appeared _____Molly White_____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Pamela Chattoo_

PAMELA CHATTOO
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMMISSION # 1707134
MY COMM. EXPIRES DEC. 21, 2010

Exhibit __A__ Page __15__

**Schedule A to Security
& Pledge Agreement
Stuart & Ursula Wolff
Schedule of Assets
As of June 30, 2010**

**Assets:**

**Cash** | **Market Value**
---|---
Schwab Investment Account ▮-7295 | 106
Wells Fargo Account | 5,000
| 5,106

**Investment Portfolio** | **Market Value**
---|---
Schwab ▮2199 Funding | 0
| 0

**Retirement Assets** | **Market Value**
---|---
Schwab IRA Rollover ▮8030 | 54,007
Schwab SEP IRA ▮3023 | 47,022
| 101,030

**Apperance Bond** | **Market Value**
---|---
Deposit to USDC, Central District of California | 2,500,000
| 2,500,000

**Private Investments** | **Market Value**
---|---
Energy - Five States 2001 - A Ltd | 250,752
Energy - Five States Consolidated II, Ltd. | 446,107
Fixed Income - First Picks L.P. | 650,475
Private Equity - Hicks Muse Fund V | 37,188
Venture Capital - Ticket Reserve (1,714,959 shares) | 2,160,848
Private Equity - TCV IV LP | 207,735
Private Equity - TH Lee Putnam Ventures | 129,962
Private Equity - Weetabix, L.P. | 31,903
Real Estate - Buchanan Co-Investors, LLC | 65,447
Real Estate - Buchanan Fund III, LLC | 147,916
Real Estate - Buchanan Fund V, LLC | 83,400
Real Estate - Buchanan Urban Investor LLC | 0
Real Estate - Crow IV, LP | 43,422
| 4,255,155

**Personal Property** | **Market Value**
---|---
Automobiles | 35,425
Furnishings/Misc. | 50,000
Artwork | 1,218,936
Jewelry | 50,000
| 1,354,361

**Personal Residence** | **Market Value**
---|---
▮▮▮ Westlake Village | 2,500,000
| 2,500,000

**Closely Held Business** | **Balance**
---|---
Scinovate Corporation | 0
| 0

Exhibit __A__ Page __16__

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On December 2, 2010, I caused to be served the document entitled **CONSENT OF STUART H. WOLFF TO FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF** on all the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]   **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[X]   **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ]   **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: December 2, 2010          /s/ Molly M. White
                                Molly M. White

-1-

**SEC v. STUART H. WOLFF, et al.**
**United States District Court - Central District of California**
**Case No. CV 05-3132 SVW (RZx)**
**(LA-2554)**

SERVICE LIST

Howard M. Privette II, Esq. **(served via electronic and U.S. mail)**
James W. Gilliam, Esq. **(served via electronic and U.S. mail)**
Paul, Hastings, Janofsky & Walker LLP
515 S. Flower Street, 25th Floor
Los Angeles, CA 90071-2228
Email: howardprivette@paulhastings.com
Email: jamesgilliam@paulhastings.com
*Attorney for Defendant Stuart H. Wolff*

John F. Gibbons, Esq. **(served via electronic and U.S. mail)**
Greenberg Traurig LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Email: gibbonsj@gtlaw.com
*Attorney for Defendant Stuart H. Wolff*

Brian J. Hennigan, Esq. **(served via electronic and U.S. mail)**
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Email: bhennigan@irell.com
*Attorney for Defendant Peter B. Tafeen*