MOLLY WHITE, Cal. Bar No. 171448
Email: whitem@sec.gov

Securities and Exchange Commission
Rosalind Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

FILED
CLERK, U.S. DISTRICT COURT
DEC 15 2010
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>STUART H. WOLFF and PETER B. TAFEEN,<br><br>Defendants. | Case No. CV 05-3132 SVW (RZx)<br><br>[PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST STUART H. WOLFF |

The Securities and Exchange Commission having filed a Complaint and Defendant Stuart H. Wolff ("Wolff") having entered a general appearance; consented to the Court's jurisdiction over Wolff and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Wolff and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"),

15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Wolff and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Wolff and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20 and 13a-13, thereunder, 17 C.F.R. §§ 240.12b-20 & 13a-13, by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, that files quarterly and annual reports with the Commission that contain materially false and misleading information.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Wolff and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), and Rule 13b2-1 thereunder, 17 C.F.R. § 240.13b2-1, by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d), in failing to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and disposition of the assets of the issuer.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Wolff and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by


personal service or otherwise are permanently restrained and enjoined from knowingly circumventing or knowingly failing to implement a system of internal accounting controls, or by knowingly falsifying any book, record or account required to be kept by an issuer, in violation of Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5).

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Wolff and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 13b2-2 of the Exchange Act, 17 C.F.R. § 240.13b2-2, by:

    a. making or causing to be made materially false or misleading statements to accountants in connection with; or

    b. omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstance under which such statements are made, not misleading, to any accountant in connection with:

        i. any audit, review or examination of the financial statements of the issuer required to be made; or

        ii. the preparation or filing of a document or report required to be filed with the Commission.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Wolff is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Wolff is liable for disgorgement of $8,638,210.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $3,262,252.35, for a total of $11,900,462.35 (hereinafter "Disgorgement").

    A.    Wolff shall pay Disgorgement in installments as follows (hereinafter "Payment Schedule"):

        (1) Wolff shall pay $2,500,000 within 30 days of entry of this Final Judgment;

        (2) Wolff shall pay an additional $2,000,000 within 365 days of entry of this Final Judgment;

        (3) Wolff shall pay an additional $150,000 within 455 days of entry of Final Judgment;

        (4) Wolff shall pay an additional $150,000 within 545 days of entry of Final Judgment;

        (5) Wolff shall pay an additional $150,000 within 635 days of entry of Final Judgment;

        (6) Wolff shall pay an additional $150,000 within 725 days of entry of Final Judgment;

        (7) Wolff shall pay an additional $150,000 within 815 days of entry of Final Judgment;

        (8) Wolff shall pay an additional $150,000 within 905 days of entry of Final Judgment; and

        (9) Wolff shall pay an additional $150,000 within 995 days of entry of Final Judgment; and

(10) Wolff shall pay the remaining $6,350,462.35, plus post judgment interest calculated pursuant to 28 U.S.C. § 1961, within three years of entry of the Final Judgment.

B. Wolff shall send the payments to the Clerk of this Court, together with a cover letter identifying Wolff as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Wolff shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Wolff relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Wolff. The Clerk shall deposit the funds into any type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval.

C. To secure the Payment Schedule, Wolff has provided the Commission with a security interest in all receivables and private equity and partnership investments in which he currently holds an interest or ownership position, as specified in Exhibit A to the Consent;

D. If Wolff defaults under the Payment Schedule as set forth herein, then the Commission may execute on any assets legally available to it to satisfy the Final Judgment, including, but not limited to, security interests obtained in connection with this matter, as set forth in Security and Pledge Agreement attached as Exhibit A to the Consent; and

E. If Wolff fails to make any payment by the date agreed and/or in the amount agreed according to the Payment Schedule set forth above, the entire $11,900,462.35 in Disgorgement, less any payments made, plus post-judgment interest from the date of default, shall become immediately due and payable at the discretion of the staff of the Commission, without further application to the Court, and Wolff is legally precluded from challenging the validity of the Consent or this Final Judgment and/or contesting the amount of post-judgment interest assessed pursuant to 28 U.S.C. § 1961.

F. If Wolff fails to make any payment by the date agreed and/or in the amount agreed according to the Payment Schedule set forth above, the Commission may enforce the Final Judgment by moving for civil contempt (and/or through any and all collection procedures authorized by law). In response to any such civil contempt motion by the Commission, Wolff may assert any legally permissible defense.

G. The manner in which Wolff may satisfy this Final Judgment has been based on Wolff's sworn representations in his Statement of Financial Condition and other documents and information incorporated therein. If at any time following the entry of this Final Judgment the Commission discovers previously undisclosed accounts, trusts, cash, securities, annuities, partnerships, investments of any kind, accounts or loans receivable, art, jewelry and/or real property assets totaling

                five thousand dollars ($5,000) or more in value, which existed at the
                time of the entry of this Final Judgment in which Wolff had an
                interest, contingent or otherwise, the Commission may collect 100%
                of the assets previously undisclosed. Wolff agrees not to contest any
                commercially reasonable collection action undertaken by the
                Commission pursuant to this provision.

H.              Upon notice to the staff of the Commission, Wolff may prepay some
                or all of the installments due pursuant to the Payment Schedule.

IX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Wolff is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: Dec 14, 2010

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE