UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>STUART H. WOLFF and PETER B. TAFEEN,<br><br>Defendants. | Case No. CV 05-3132 SVW (RZx)<br><br>**ORDER GRANTING MOTION BY PLAINTIFF SECURITIES AND EXCHANGE COMMISSION TO (1) APPOINT DISTRIBUTION AGENT; (2) APPROVE DISTRIBUTION PLAN; AND (3) DISTRIBUTE FUNDS IN COURT REGISTRY TO TAX ADMINISTRATOR AND DISTRIBUTION AGENT** |

The Court, having considered the Motion by Plaintiff Securities and Exchange Commission to (1) Appoint Distribution Agent; (2) Approve Distribution Plan; and (3) Distribute Funds in Court Registry to Tax Administrator and Distribution Agent, and for good cause shown:

**IT IS HEREBY ORDERED** that the motion is **GRANTED.**

IT IS FURTHER ORDERED that:

1. Rust Consulting ("Rust") is appointed Distribution Agent over the Distribution Fund.

2. The Clerk of the Court shall promptly transfer all monies in the interest-bearing account under the case name designation *SEC v.*

*Stuart H. Wolff, et al.* to the previously appointed Tax Administrator, Damasco & Associates, LLP, and the Distribution Agent as follows:

    a.    The Clerk shall issue two separate checks to the Tax Administrator for payment of the Tax Administrator's fees and expenses in preparing the 2016 annual returns and for payment of remaining taxes due in 2016: (i) The first check, for the Tax Administrator's tax preparation service fee and expenses for preparing the 2016 annual returns, shall be in the amount of $2,191.82 payable to Damasco & Associates LLP. The payment shall contain the notations *SEC v. Wolff*, Case No. CV 05-3132 SVW (RZx), the Federal Tax Identification Number XX-XXXX1239, and payment identification "Tax Administrator's fee." (ii) The second check, for payment of remaining 2016 taxes, shall be in the amount of $271 payable to Damasco & Associates, Trust Account. The payment shall contain the notations *SEC v. Wolff*, Case No. CV 05-3132 SVW (RZx), the Federal Tax Identification Number XX-XXXX1239, and payment identification "Tax Liability Payments 2016." The Clerk shall send both checks to:

> Damasco & Associates, LLP c/o
> Miller Kaplan Arase LLP
> 314 S. River Street, Suite 201
> Hailey, ID  83333

The Court finds these payments to be appropriate and reasonable.

    b.    A Distribution Fund is hereby created. The Distribution Fund shall be comprised of: (a) the disgorgement of approximately $5.1 million paid by Defendant Stuart H. Wolff ("Wolff") prior to issuance of this Order, and any additional funds obtained

|   |   |   |
|---|---|---|
| 1 | | from turnover of funds in accounts frozen in *United States of* |
| 2 | | *America v. Stuart Wolff*, CR 05-398 GAF (C.D. Cal.) or |
| 3 | | otherwise in satisfaction of the Final Judgment Of Permanent |
| 4 | | Injunction And Other Relief Against Stuart H. Wolff ("Final |
| 5 | | Judgment") entered on December 17, 2010 (Dkt. No. 57), and |
| 6 | | deposited into one or more accounts established by the Clerk of |
| 7 | | the Court in this action; (b) plus any interest earned on the |
| 8 | | disgorged or turned over funds; (c) minus any lawful fees |
| 9 | | authorized by ¶ VIII.B. of the Final Judgment against Wolff |
| 10 | | (Dkt. No. 57 at 6:16-6:22); (d) minus taxes and fees paid to the |
| 11 | | Tax Administrator as set forth in ¶ 2.a. above. The Clerk shall |
| 12 | | issue the remaining payment, constituting the Distribution |
| 13 | | Fund, to the Distribution Agent by wire transfer.  Rust will |
| 14 | | provide wire transfer instructions to the Clerk within two days |
| 15 | | of issuance of this Order. |
| 16 | 3. | The Distribution Fund shall be distributed by the Distribution Agent |
| 17 | | pursuant to the Distribution Plan ordered below. |
| 18 | 4. | The Distribution Agent shall have the following powers and duties: |
| 19 | a. | Upon receipt of the Distribution Fund from the Clerk of the |
| 20 | | Court, the Distribution Agent shall deposit the Distribution |
| 21 | | Fund into a federally-insured account maintained by the |
| 22 | | Distribution Agent. |
| 23 | b. | The Distribution Plan proposed by the SEC is fair and |
| 24 | | reasonable and is hereby approved.  The Distribution Plan is as |
| 25 | | follows.  First, the Distribution Agent shall set aside $2,975 for |
| 26 | | estimated fees and expenses of the Tax Administrator for 2017, |
| 27 | | and $42,634 for its own maximum fees and expenses.  The |
| 28 | | Court has found that these fees and expenses for the Tax |

|    |    |    |
|----|----|----|
| 1  |    | Administrator and the Distribution Agent are reasonable.  The |
| 2  |    | Distribution Agent shall then allocate the remainder of the |
| 3  |    | Distribution Fund to each former settlement class member in *In* |
| 4  |    | *re Homestore.com, Inc. Securities Litigation*, Master File No. |
| 5  |    | 01-CV-11115 RSWL (C.D. Cal.) (the "Class Action") who |
| 6  |    | submitted a valid claim for Class Action settlement funds (the |
| 7  |    | "Former Class Members") and cashed their checks from the |
| 8  |    | final (Phase 5) distribution in the Class Action, except that the |
| 9  |    | Distribution Agent shall allocate the Distribution Fund only to |
| 10 |    | Former Class Members who will receive a minimum of ten |
| 11 |    | dollars from the Distribution Fund.  The Distribution Agent |
| 12 |    | shall perform the initial allocation on a *pro rata* basis consistent |
| 13 |    | with the Plan of Allocation described in paragraph numbers 1-3 |
| 14 |    | in the Order granting the Class' motion to, among other things, |
| 15 |    | authorize a Phase 5 distribution, issued by the Court in the |
| 16 |    | Class Action on May 3, 2012 (Dkt. No. 1411).  Once the |
| 17 |    | Distribution Agent has determined which claimants will receive |
| 18 |    | less than $10.00 based on this calculation, the Distribution |
| 19 |    | Agent shall eliminate such claimants from the allocation, and |
| 20 |    | recalculate the allocation to the remaining claimants on a *pro* |
| 21 |    | *rata* basis. |
| 22 | c. | After allocating the Distribution Fund, the Distribution Agent |
| 23 |    | shall print and mail checks to the Former Class Members.  All |
| 24 |    | checks shall be valid for a period of 90 days from the date of |
| 25 |    | issuance.  Each check shall be accompanied by a transmittal |
| 26 |    | letter stating that the check is being sent pursuant to this Order. |
| 27 |    |    |
| 28 |    |    |

1        d.      The Distribution Agent shall perform all of the duties set forth in paragraphs 4.a. through c. within thirty days after receiving the Distribution Fund from the Clerk of the Court.

e. The Distribution Agent shall provide the SEC with a written statement showing: (1) the total number of checks issued to Former Class Members; (2) the date each check was issued; (3) the amount of each check; and (4) the name and claim number of the recipient of each check. This statement shall be mailed to SEC counsel of record within fourteen days after mailing the checks and transmittal letters described in paragraph 2(c).

f. No later than sixty days after mailing the checks, Rust will perform one attempt to locate: (i) claimants whose checks are returned because the address is no longer valid; and (ii) claimants who have not yet cashed their checks.

g. The Distribution Agent shall provide the SEC with a second statement identifying by claimant name and amount: (i) the checks sent to claimants whose current address could not be determined; and (ii) any other checks which were not cashed. The Distribution Agent shall simultaneously provide the SEC with a statement setting forth the fees and expenses the Distribution Agent actually incurred, itemized by the categories set forth in its proposal to the SEC attached as Exhibit 1 to the Declaration of Kim Schmidt filed in support of the SEC's motion. This statement will also set forth the remaining monies in the Distribution Fund, if any. These statements shall be mailed to SEC counsel of record within thirty days after all checks issued pursuant to paragraph 2(c) have expired.

|   |   |   |
|---|---|---|
| 1 | h. | The Tax Administrator shall timely prepare any required |
| 2 |   | quarterly and annual 2017 tax returns, and send an invoice to |
| 3 |   | the Distribution Agent for the Tax Administrator's fees and |
| 4 |   | expenses within five days of filing the relevant return, together |
| 5 |   | with copies of such returns.  Copies of the invoice and returns |
| 6 |   | shall simultaneously be sent to counsel of record for the SEC in |
| 7 |   | this action.  If SEC counsel does not object within ten days to |
| 8 |   | payment of the invoice, the Distribution Agent shall pay the |
| 9 |   | invoice forthwith from the funds set aside for that purpose. |
| 10 | i. | After the distribution to claimants is complete, and taxes have |
| 11 |   | been paid, the Distribution Agent shall transfer any monies |
| 12 |   | remaining in the Distribution Fund, less its actual fees and |
| 13 |   | expenses, not to exceed $42,634, to the SEC.  Such transfer |
| 14 |   | may be made electronically to the SEC, which will provide |
| 15 |   | detailed ACH transfer/Fedwire instructions upon request.  The |
| 16 |   | Distribution Agent may also pay by certified check, bank |
| 17 |   | cashier's check, or United States postal money order payable to |
| 18 |   | the Securities and Exchange Commission, which shall be |
| 19 |   | delivered or mailed to |

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Stuart Wolff as a defendant in this action; and specifying that payment is made pursuant to the Final Judgment against Wolff.  The payment shall be submitted together with a cover letter that identifies the name and file number of this action.  A copy of the cover letter

6

        and money order or check shall simultaneously be sent to the SEC's counsel of record.

    j.    The Distribution Agent and the Distribution Agent's designees, agents, and assistants are excused from any requirement to post a bond, and shall not be liable to any person for their actions pursuant to this Order, except on a finding of malfeasance, gross negligence, or reckless disregard of duty.

5.    After the Distribution Agent completes its duties specified herein, the SEC shall file with the Court a report describing the Distribution Agent's activities and the distribution made pursuant to this Order.

DATED:   March 22, 2017

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE